**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| EVOL NUTRITION ASSOCIATES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SUPPLEMENT CENTER, LLC, and KENNETH AFFOLTER,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION FILE NO.<br><br>________________________<br><br>**JURY TRIAL DEMAND** |

**<u>VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF</u>**

COMES NOW Plaintiff and files this its Verified Complaint for Damages and Equitable Relief. In support hereof, Plaintiff shows this honorable Court the following:

**PARTIES**

1. Plaintiff Evol Nutrition Associates, Inc. ("Evol" or "Plaintiff") is a Georgia corporation with its principal office in Marietta, Cobb County, Georgia.

2. Upon information and belief, Defendant Supplement Center, LLC ("Supplement Center") is a Wyoming limited liability company, which has been administratively dissolved, with its principal office located in Cheyenne, Wyoming. Supplement Center's registered agent is SmallBiz Agents, Inc.,

which is located at 7300 Yellowstone Rd., Ste. 10, Cheyenne, WY 82009.

3. Upon information and belief, Defendant Kenneth Affolter ("Affolter," and together with Supplement Center, "Defendants") was the managing member and directed the business affairs of Supplement Center, is now, and at all times mentioned in this Complaint was, a resident of California.

**JURISDICTION**

4. This trademark infringement action arises under the Lanham Act (15 U.S.C. §§ 1051-1127) and specifically 15 U.S.C. §§ 1114 and 1125.

5. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) and (b).

6. The Court has supplemental jurisdiction over Plaintiff's state law claims based on 28 U.S.C. § 1367.

7. Additionally, there is complete diversity of citizenship, and the amount in controversy in this civil action is reasonably believed to exceed the sum of $75,000.00, exclusive of interest and costs. Thus, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

8. This Court has specific jurisdiction over the Defendants because they have purposefully availed themselves of contacts in the State of Georgia and there is a

sufficient nexus between such contacts and this lawsuit, in that Defendants have transacted business in the State of Georgia and through such transactions infringed on Plaintiff's trademark and committed wrongful and tortious actions as described herein.

9. This Court has jurisdiction over the Defendants pursuant to Georgia's Long Arm Statute, O.C.G.A. § 9-10-91 by virtue of their transaction of business within the State of Georgia and by virtue of their commission of wrongful and tortuous conduct as described herein within and without the State of Georgia.

## VENUE

10. Venue is proper in this Court due to the intentional and tortuous actions by the Defendants both individually and in concert.

11. Venue is also proper in this jurisdictional under 28 U.S.C § 1391(b)(2) because all or a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF'S MARKS

12. Plaintiff has used the trademark "Sleep Walker" (the "Mark") in commerce as early as June 1, 2006. Plaintiff has been promoting, distributing, and selling its products in interstate commerce under the Mark. Plaintiff has built a substantial

amount of goodwill in the Mark in connection with Plaintiff's business.

13. Plaintiff registered Sleep Walker as a federal trademark, with Reg. No. 3,247,562 and a registration date of May 29, 2007. Said registration was cancelled for failure to file a declaration of continued use.

14. On January 23, 2015 and May 17, 2016, Plaintiff filed applications to re-register Sleep Walker as a federal trademark.

15. Plaintiff is the owner of a federal trademark registration, Reg. No. 4,811,881, issued by the United States Patent and Trademark Office on September 15, 2015, for Sleep Walker for Class 5, dietary and nutritional supplements, as a result of the January 23, 2015 application. *See* Exhibit A.

16. Plaintiff is the owner of a federal trademark registration, Reg. No. 5,109,266, issued by the United States Patent and Trademark Office on December 27, 2016, for Sleep Walker, for Class 5, dietary supplements, and Class 32, non-alcoholic drinks, namely energy shots, as a result of the May 17, 2016 application. *See* Exhibit B.

17. Plaintiff's Sleep Walker trademark registrations are for strong marks that have acquired secondary meaning in the industry and are well-known in the industry as a designation of source for mood-enhancing dietary supplements.

18. In addition to the federal registrations, Plaintiff has common law trademark rights based upon its use of Sleep Walker in connection with its mood-enhancement dietary supplements, which are well known in the industry.

19. Plaintiff's Sleep Walker trademark is recognized as the trademark of Plaintiff.

20. Plaintiff has developed substantial goodwill in the trademark Sleep Walker in connection with its dietary supplements.

## FACTUAL ALLEGATIONS RELATING TO DEFENDANTS' UNLAWFUL ACTIONS

21. In or about January 2015, Plaintiff discovered that Defendants were advertising in commerce a dietary supplement called "Walkers" on their website supplementcenter.us ("Infringing Mark").

22. Defendants' Infringing Mark "Walkers" contains the same ingredients as Plaintiff's registered Mark, "Sleep Walker."

23. Additionally, Defendants' Infringing Mark is marketed using confusing similar color schemes, presentation, and language.

24. On or about January 27, 2015, Plaintiff sent correspondence to Defendant Supplement Center demanding that it cease and desist from using any mark which would cause confusion with Plaintiff's Mark, Sleep Walker. *See* Exhibit "C".

25. On February 10, 2015, via email, Defendant Supplement Center requested clarity on how Defendant was infringing upon Plaintiff's mark. Plaintiff specifically set forth the following via response email:

> In response, the specific areas in which Walkers is infringing upon the Sleep Walkers trademark and copyright include but are not limited to the following:
>
> 1. Trademark – Confusingly Similar/Likelihood of Confusion – The naming of the product is similar (Walkers vs. Sleep Walkers), the packaging uses almost exactly the same fonts and wording for marketing, as well as the same color schemes and imagery.
> 2. Copyright – Formula the same.
>
> As such, the use of the term Walkers as well as its packaging is infringing and needs to be removed from interstate commerce.

*See* Exhibit "D."

26. Subsequent to the above-referenced email exchange and in accord with the agreement reached via an earlier phone call, Defendants removed the product using the Infringing Mark from the website supplementcenter.us.

27. In April 2017, Plaintiff discovered that Defendants had resurrected their use of the Infringing Mark with re-listing its Infringing Mark on its website supplementcenter.us, again using similar packaging and the same ingredients as Plaintiff's registered trademark.

28. Defendants have sold its products containing the Infringing Mark with the State

of Georgia.

29. Upon information and belief, Defendants' website supplementcenter.us is an interactive website allowing consumers to purchase Defendant's products containing the Infringing Mark throughout the United States and such products have been sold within the State of Georgia.

30. Upon information and belief, Defendants have set up a distributorship network for its Infringing Mark which allocates the State of Georgia to a wholesale distributor A & R Dist, LLC.

31. Defendants' Infringing Mark has been found on the shelves of and purchased from a store known as "Smoke Shop" located at 6225 Atlanta Hwy, Alpharetta, Georgia, 30004, within the Northern District of Georgia. *See* Exhibit "E."

32. A likelihood of confusion exists as long as Defendants continue to use the Infringing Mark on products similar to Plaintiff's. A comparison of Plaintiff's packaging and Defendants' packaging is attached as Exhibit "F".

33. A true comparison of ingredients of Plaintiff's Mark Sleep Walker and Defendants' Infringing Mark Walkers is set forth below:

| | | Sleep Walker | Walkers |
|---|---|---|---|
| **Serving Size** | | 2 capsules | 2-4 capsules |
| **Ingredients** | | | |
| | Thiamin (Vitamin B1) | 15mg | 30mg |
| | Riboflavin (Vitamin B2) | 21mg | 42mg |
| | Vitamin B6 | 51mg | 102mg |
| | | | |
| **Proprietary Blend (Same for Both)** | | | |
| Beta-phenyl-gamma-aminobutyric acid (Phenibut) | | | |
| Caffeine | | | |
| Gamma-aminobutyric acid (GABA) | | | |
| | | | |
| **Other ingredients: (Same for Both)** | | | |
| Capsules (gelatin) | | | |
| Dicalcium Phosphate | | | |
| Magnesium Stearate | | | |
| FD&C Blue #1 | | | |

Defendants' Infringing Mark's ingredients are doubled to coincide with the larger potential serving size; Sleep Walker's serving size is labeled as 2 capsules while Walkers is labeled as 2-4 capsules.

34. Defendants' actions and use of the Infringing Mark constitute trademark infringement, and deceptive trade practices pursuant to O.C.G.A. § 10-1-372.

## CAUSES OF ACTION

### COUNT I. Infringement of Federal Registered Mark (15 U.S.C. §1114)

35. Plaintiff incorporates paragraphs 1 through 34 as if fully set forth herein.

36. Defendants' use of the Infringing Mark infringes upon Plaintiff's federally

registered Mark, Sleep Walker, Reg. Nos. 4,811,881 and 5,109,266.

37. Defendants' use of the Infringing Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' products are provided by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

38. Defendants have used a mark confusingly similar to Plaintiff's federally registered Marks in violation of 15 U.S.C. § 1114, and unless prohibited by this Court, Defendants' activities have caused and are likely to continue to cause confusion and deception of the members of the trade and the public, as well as injury to Plaintiff's goodwill and reputation as symbolized by its federally registered Marks, for which Plaintiff has no adequate remedy at law.

39. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's federally registered Marks to Plaintiff's great and irreparable injury.

40. Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**COUNT II. Infringement of Trademark, False Designation of Origin and Unfair Competition Under Lanham Act § 43(a) (15 U.S.C. § 1125)**

41. Plaintiff incorporates paragraphs 1 through 40 as if fully set forth herein.

42. Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) provides in part:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of, fact, which -- (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

43. Defendants' use of its nearly identical Infringing Marks is likely to cause confusion with Plaintiff's Marks.

44. In addition to the identicalness of the products sold under Plaintiff's Marks and the Infringing Mark, Defendants' Infringing Mark is confusingly similar to Plaintiff's Marks, such that consumers and other members of the public are likely to confuse the two.

45. Additionally, Defendants' uses of the Infringing Marks constitute false designation of origin and unfair competition by infringing the Plaintiff's Sleep Walker Marks and by falsely representing to the public that Defendants'

products are provided by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

46. Plaintiff has suffered and, unless Defendants are enjoined, will continue to suffer, irreparable harm as a result of Defendants' illegal conduct.

47. Defendants have acted maliciously, fraudulently, deliberately and willfully, and with knowledge that its continuing use of the Infringing Mark would deceive and/or cause confusion and mistake.

48. Plaintiff has no adequate remedy at law.

**COUNT III. Trademark Infringement Under Georgia Common Law and Under O.C.G.A. § 23-2-55**

49. Plaintiff incorporates Paragraphs 1 through 48 as if fully set forth herein.

50. Defendants' Infringing Marks are identical to and confusingly similar to Plaintiff's Marks, such that consumers are likely to confuse the two. Moreover, Plaintiff is the senior user over Defendants. Defendants' actions violate Plaintiff's common law rights in Georgia and throughout the United States.

**COUNT IV. Deceptive Trade Practices Under O.C.G.A. § 10-1-372**

51. Plaintiff incorporates Paragraphs 1 through 50 as if fully set forth herein.

52. Defendants' conduct as alleged herein constitutes deceptive trade practices under O.C.G.A. § 10-1-372.

53. Upon information and belief, Defendants began selling dietary supplements products under Defendants' Infringing Mark.

54. Upon information and belief, Defendants removed Plaintiffs products from packaging containing Plaintiff's Marks and sold Plaintiff's products under the Infringing Mark.

55. Upon information and belief, Defendants also sold an inferior product in packaging bearing Plaintiff's Marks.

56. Based on the conduct as alleged herein, Defendants are likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of the dietary supplements products sold by Defendants. Defendants are also likely to cause confusion or misunderstanding as to affiliation, connection, or association with or certification of the dietary supplements products by Plaintiff. Defendants have: used deceptive representations in connection with the sale of dietary supplements products; represented that the dietary supplements products have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have; represented that the dietary supplements products are of a particular standard, quality, or grade that they are not; and/or advertised the dietary supplements products with the intent not to sell them as

advertised.

57. Defendants' continued used of the Infringing Mark and misuse of Plaintiff's Marks, including placing Plaintiff's Marks on products that are of an inferior quality, has resulted in Defendants unfairly benefiting from Plaintiff's promotion and goodwill inherent in Plaintiff's Marks. Such actions constitute violations of the Georgia Uniform Deceptive Trade Practices Act.

58. Defendants' continued use of the Infringing Mark and misuse of Plaintiff's Marks is likely to deceive or cause confusion or mistake in the consuming public and has caused and will continue to cause irreparable harm and injury to Plaintiff, its reputation and goodwill, from which Plaintiff has no adequate remedy at law.

59. Plaintiff is entitled to an injunction to prevent such confusion or mistake in the consuming public.

60. Plaintiff is entitled to recover its expenses of litigation, including reasonable attorneys' fees, incurred in prosecuting this action, pursuant to O.C.G.A. § 10-1-373.

61. Plaintiff is entitled to recovery of the profits obtained by Defendants during the period of infringement and deceptive trade practices and/or any damages

suffered by Plaintiff compensable at law.

**JURY DEMAND**

62. Plaintiff demands trial by jury for all counts so triable.

WHEREFORE, Plaintiff prays that this Court:

(a) Enter a Preliminary Injunction during the pendency of this action and issue a Permanent Injunction enjoining Defendants, their agents, and servants from infringing the aforementioned Marks of Plaintiff in any manner;

(b) Enter a Judgment against Defendants awarding Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of the Plaintiff's Marks and Defendants' unfair trade practices and unfair competition;

(c) Enter a Judgment requiring Defendants to pay Plaintiff all costs of this action and its reasonable attorneys' fees; and

(d) Award Plaintiff such other and further relief as this Court deems just.

Respectfully submitted this 2nd day of May, 2017.

STONE & BELLUS, P.C.

*/s/ John E. Bellus, Jr.*
JOHN E. BELLUS, JR.
Georgia Bar No. 049728
F. R. JOSH STONE
Georgia Bar No. 684075
MELISSA BUCKSHORN
Georgia Bar No. 315480

Stone & Bellus, P.C.
6849 Peachtree Dunwoody Rd.
Building B-3, Suite 100
Atlanta, GA 30328
PH: (770)390-9950
FAX (770)390-9940
Email: john@stonebellus.com
josh@stonebellus.com
melissa@stonebellus.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

*/s/ John E. Bellus, Jr.*
John E. Bellus, Jr.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NORTHERN DIVISION

EVOL NUTRITION ASSOCIATES, INC., *
*
Plaintiff, *
* CIVIL ACTION FILE NO.
vs. *
*
SUPPLEMENT CENTER, LLC, *
and KENNETH AFFOLTER, * JURY TRIAL DEMAND
*
Defendants. *

**VERIFICATION**

PERSONALLY APPEARED before me, the undersigned officer duly authorized to administer oaths, Jeremy Nickels, CEO of Plaintiff Evol Nutrition Associates, Inc., who, after being first duly sworn, states that the facts contained in the foregoing VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF are true and correct to the best of his knowledge, information and belief.

Jeremy Nickels, CEO
Evol Nutrition Associates, Inc.

Sworn to and subscribed before me
this 2nd day of May, 2017.

Notary Public
My Commission Expires: Nov. 30th 2020

CHARLES WILLIAMS
NOTARY PUBLIC
Forsyth County
State of Georgia
My Comm. Expires Nov. 30, 2020