## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

EVOL NUTRITION ASSOCIATES, INC.,  *
                                  *
    Plaintiff,                    *
                                  *    CIVIL ACTION FILE NO.
vs.                               *
                                  *    1:17-cv-01572-ELR
SUPPLEMENT CENTER, LLC,           *
and KENNETH AFFOLTER,             *    **JURY TRIAL DEMAND**
                                  *
    Defendants.                   *

## PLAINTIFF'S MOTION TO REOPEN CASE AND
## FOR CONTEMPT SANCTIONS AGAINST DEFENDANTS

COMES NOW, Evol Nutrition Associates, Inc., Plaintiff in the above-styled action, and moves this Honorable Court, pursuant to Fed. R. Civ. P. 70(e), this Court's Order entered April 24, 2018, and this Court's inherent authority, to enter an order (1) reopening this case, (2) finding Defendants Supplement Center, LLC and Kenneth Affolter in contempt of Court based upon their violation of the permanent injunction set forth in the Court's Order, (3) finding the entire remaining amount of the judgment immediately due with interest accruing since the Court's Order of April 24, 2018, (4) setting a hearing on the amount of attorney's fees incurred for this Motion, and (5) permitting Plaintiff to conduct discovery in order to ascertain the amount of damages to be awarded to Plaintiff as a result of

Defendants' violations or, in the alternative, set an amount of damages that the Court deems appropriate to compel Defendants' compliance with the Consent Judgment.

Contemporaneously with and in support of this Motion, Plaintiff is filing the following: (1) Affidavit of Jeremy Nickels; (2) Affidavit of John E. Bellus, Jr., and (3) Affidavit of Jack "Bo" Arnold.

## I.     INTRODUCTION

On April 24, 2018, this Court entered as the final judgment in this matter the Stipulation for Entry of Consent Judgment and Permanent Injunction Order [Doc. 42] (the "Consent Judgment").[1]  In pertinent part, the Consent Judgment provided for (1) a monetary judgment, (2) a permanent injunction restraining Defendants from producing or selling dietary supplement products containing certain ingredients, (3) a permanent injunction restraining Defendants from using certain marks, and (4) that this Court maintains personal and subject matter jurisdiction over the parties to address any issues arising out of the Consent Judgment.[2]  Plaintiff has discovered that Defendants have violated the Consent Judgment, as set forth in greater detail below.  As such, Plaintiff now moves to reopen this case for further proceedings to redress Defendants' violations of the Consent Judgment.

---

[1] For ease of reference, the Consent Judgment is attached hereto as Exhibit "A."
[2] Consent Judgment ¶¶ 1, 2, 3, 5.

## II.   STATEMENT OF FACTS

1. Motion to Reopen Case

a.     This action was closed on April 24, 2018, following the entry of the Consent Judgment.

b.     Defendants have violated the Consent Judgment as set forth in more detail below.

c.     Per paragraph 5 of the Consent Judgment, this Court maintains personal and subject matter jurisdiction over all parties in this matter to address any issues arising out of it.

d.     In accord with the above, Plaintiff requests this Court to reopen this action in order to address Defendants' violation of the Consent Judgment.

2. Motion for Contempt

a.     Plaintiff brought this action against Defendants to protect its federally-registered trademark "Sleep Walker," which it has used in connection with dietary supplement products since 2006.[3]

b.     In its Order on Plaintiff's Motion for Preliminary Injunction, entered on August 17, 2017 [Doc. 22], this Court found that Plaintiff had demonstrated a substantial likelihood of success on the merits in the action, as, among other things,

---

[3] See, e.g., Verified Complaint [Doc. 1], ¶¶ 12-20.

Defendants' dietary supplement "Walkers" created a general impression of similarity to Plaintiff's "Sleep Walker" product, and Defendants were, at a minimum, intentionally blind to the likelihood of confusion between them.  This Court issued a preliminary injunction restraining Defendants from using the "Walkers" mark during the action.

**Violation – Continued Marketing of "Walkers"**

  c. Paragraph 3 of the Consent Judgment provides the following: "The Court hereby **ISSUES** a permanent injunction restraining Defendants from using the mark "Walkers," "Wakers," or any colorable variation thereof."

  d. On December 1, 2018, the undersigned counsel located and printed to PDF Defendants' marketing of "Walkers" on the website mrcheckout.net/supplement-center/.[4]

---

[4] Affidavit of John E. Bellus, Jr., ¶ 9 and Exhibit "C" thereto; Affidavit of Jeremy Nickels ¶¶ 6-7 and Exhibit "A" thereto.

12/1/2018



✉  f  ✉  8+  ☎  1 (800) 367-0076



AS SEEN ON SHARK TANK ON NBC

## Supplement Center, LLC



**Do YOU
Want**
To Know What The
Next Hot Trend Is?
Sign Up To Find Out

Name *

First

Last

Company *

Email *

Sign-up Now!

#### About the Supplement Center LLC

By working closely with nature to remember our human essence, and then combining the latest, cutting-edge technologies to unlock our unlimited potential. Supplement Center creates the most advanced, effective, profitable and responsible mood enhancing supplements on the market.

Supplement Center, LLC is a vertically integrated national manufacturer of mood enhancing supplements and nutraceuticals. We complete every step of taking a concept through R&D, formulation, testing and manufacturing in house. This gives us an unprecedented control of not only the efficacy and quality of each product, but also the highest profitability for our distribution partners. When we say, "No one can manufacture a better product for less.", it's because we do it all ourselves and pass the savings onto our customers.

http://mrcheckout.net/supplement-center/          1/3

All Supplement Center Products:

• Use only FDA approved supplements.
• Are completely legal in all 50 states
• Come with the only product sell-through guarantee in the industry.
• Are made in the USA



**Submit
Your
Product**
Do you have a
new product
for our 35,000
grocery and
convenience
stores around
the country?
Take a minute
and submit it
here...it's free.

Submit Product

Still have
questions?
Give us a call 1
(800) 367-0076

### For Wholesale Distribution Opportunities Contact:

Ken Affolter
**Supplement Center**
9107 Wilshire Blvd.
Ste. 450
Beverly Hills, California 90210
Phone 310-623-4546
Website http://www.shops.supplementcenter.us
Email ken@supplementcenter.us

e.     In addition to the above, on or about July 30, 2018, Plaintiff's Brand Manager Bo Arnold found both "Walkers" and "Wakers" being sold in Alabama convenient stores. Specifically, the following stores:

   i.   Texaco at 2030 Hwy 78 E Oxford, AL 36203 (Walkers Packs)

  ii.   Chevron at 5165 Al Hwy 204 Jacksonville, AL 36265 (New Wakers Packs)[5]

The "Walkers" and "Wakers" packs obtained from those stores are set forth below.[6]



---

[5] Affidavit of Jack "Bo" Arnold, ¶ 4; Affidavit of Jeremy Nickels, ¶ 8. Plaintiff discovered this "Wakers" packaging through a third party subpoena prior to mediation and subsequent entry of the Consent Judgment. The "Wakers" with the A depicted having a tail of sorts, to simulate an "L," was apparently designed to circumvent this Court's preliminary injunction prohibiting the use of "Walkers."

[6] Affidavit of Jack "Bo" Arnold, ¶ 5, and Exhibit "A" thereto; Affidavit of Jeremy Nickels, ¶ 9, and Exhibit "B" thereto.

**Violation – Production of "Stride" product with Phenibut and GABA**

f.      As set out in the Consent Judgment paragraph 2, Defendants consented to and the Court subsequently entered a permanent injunction restraining Defendants "from producing or selling any dietary supplement products containing both Phenibut and Gamma-aminobutyric acid ('GABA')."

g.      Defendants are producing a product called "Stride" which is marketed as containing both Phenibut and Gamma-aminobutyric acid ("GABA") <u>AND</u> expressly requests that consumers compare it to Plaintiff's product "Sleep Walker," the product which was the subject of this litigation.[7]



---

[7] Affidavit of Jeremy Nickels, ¶¶ 13-15; Affidavit of John E. Bellus, Jr. ¶¶ 12-13.

h.    Per the Stride packaging, Stride:

i.  Is being "Manufactured For: Supplement Center, LLC,"

ii.  References the websites Stridenhancer.com and www.StrideEnhancer.com,[8] and

iii.  Requests that consumers "Compare to Sleepwalker Please."[9]

i.    Supplement Center, through its counsel Robert Ward, has filed an application to register "Stride" as a trademark with the United States Patent and Trademark Office ("USPTO"). Supplement Center's Trademark Application for Stride contains a picture of the Stride labeling requesting to be compared to "Sleep Walker."[10]

j.    While the ingredient description on the packaging only references Phenibut, the Stridenhancer.com website referenced on the packaging expressly states under "How It Works" that Stride contains **BOTH** Phenibut and GABA.[11]

---

[8] The second reference to the website contains a typographical error. The first reference to website, which only contains one "e" being used for both Stride and Enhancer (i.e., www.stridenhancer.com), is accurate. However, www.StrideEnhancer.com redirects to the correct domain.

[9] Affidavit of Jeremy Nickels, ¶ 5 and Exhibit "C" thereto; Affidavit of John E. Bellus, Jr., ¶ 13 and Exhibit "E" thereto.

[10] Affidavit of John E. Bellus, Jr., ¶¶ 10-11 and Exhibit "D" thereto.

[11] Affidavit of Jeremy Nickels, ¶¶ 14-16 and Exhibits "C" and "D" thereto; Affidavit of John E. Bellus, Jr., ¶¶ 12-14 and Exhibits "E" and "F" thereto.

**Phenibut:** AKA β-phenyl-γ-aminobutyric acid, was invented in Russia in the late 1960's and continues to be very popular throughout the world today due to it's ability to act as a neurotransmitter inhibitor – Which means it slows brain waves and can be a great solution for an unfocused, over active and racing mind.

**GABA:** AKA gamma-Aminobutyric acid (sound familiar from above?) is the main neurotransmitter in the mammalian central nervous system. Its principal role is reducing neuronal excitability throughout the nervous system to allow the brain to respond as is needed for the circumstance. Fight or flight, as is said. Without GABA we would not be able to respond to crisis or turn the thoughts down enough to sleep at night.

k.    In addition to the above, Plaintiff had an independent testing agency

Advance Laboratories, Inc. perform a chemical analysis of the Stride product.

Advanced Laboratories, Inc.'s Test Certificate reported that both Phenibut and GABA are used within the Stride product manufactured for Defendant Supplement Center.[12]

l.      On October 5, 2018 (and earlier)[13], Plaintiff's counsel contacted Defendants' counsel demanding that Defendants cease and desist from selling Stride

---

[12] Affidavit of Jeremy Nickels ¶ 17-18 and Exhibit "E" thereto.
[13] On August 6, 2018, Plaintiff's counsel provided notice *inter alia* of Defendants'

with the ingredients prohibited by the Consent Judgment.[14] Defendants' counsel's response alleged *inter alia* that the Stride product does not use both ingredients and that the website strideenhancer.com is owned by Mark Ramsey of M&N Distributing, LLC (collectively "M&N") – another of Defendant's counsel's clients.[15] However, Defendant's counsel's response is contradicted by:

    i.   "Stride" packaging states it is being manufactured for Defendant Supplement Center, including providing the StrideEnhancer.com address within the contact information for Defendant Supplement Center;[16]

    ii.   "Stride" packaging directs the consumer to the www.stridenhancer.com website (purportedly owned by M&N) "for complete product info and warnings,"[17] and

---

violation of the Consent Order. Plaintiff also provided notice of the frivolous nature of a new action filed by Defendants, <u>Supplement Center, LLC et al. v. Evol Nutrition Associates, Inc.</u> et al., Case # 1:18-cv-03633-ELR. Affidavit of John E. Bellus, Jr., ¶ 15.

[14] Affidavit of John E. Bellus, Jr., ¶ 16.

[15] Affidavit of John E. Bellus, Jr., ¶ 17.

[16] Affidavit of Jeremy Nickels, ¶¶ 13-15 and Exhibit "C" thereto.

[17] Affidavit of Jeremy Nickels, ¶¶ 14-15 and Exhibit "C" thereto; Affidavit of John E. Bellus, Jr. ¶ 17.

iii.  The USPTO application to register the trademark "Stride" was filed by Defendants' counsel on behalf of Supplement Center.[18]

As such, Defendants either individually or through tortious conduct with M&N have marketed Stride as containing the Consent Judgment's prohibited ingredient combination of Phenibut and GABA to compete against Plaintiff.

**Violation - Payment Default**

m.    In addition to continuing to market "Walkers" and producing a product in violation of the Consent Judgment, Defendants have failed to provide payments in accord with the payment structure set forth in Paragraph 1 of the Consent Judgment; i.e. "paid in forty-eight (48) monthly payments of One Thousand Forty-One and 67/100 ($1041.67), each to be paid on the first day of the month, with the first payment due on May 1, 2018."

n.    Despite just having agreed and executed the Consent Judgment only a few days before, Defendants failed to provide timely payments for both May and June 2018; both were due on the 1st day of the respective months.[19]

o.    On June 5, 2018, Plaintiff's counsel provided notice in accord with the Consent Judgment.[20] Subsequently, Plaintiff received two checks sent past their

---

[18] Affidavit of John E. Bellus, Jr., ¶¶ 10-11 and Exhibit "D" thereto.
[19] Affidavit of Jeremy Nickels, ¶¶ 10-12.
[20] Affidavit of John E. Bellus, Jr., ¶ 7.

respective due dates for $1,000 each; the payment due May 1, 2018, sent on or about May 31, 2018, and the payment due June 1, 2018, sent on or about June 26, 2018. Additionally, per the Consent Judgment, the payment amount was required to be $1,041.67, not the $1,000 paid.[21]

p.      On July 31, 2018, after not receiving Defendants' payment due July 1, 2018, Plaintiff's counsel sent a second notice of default (and last opportunity to cure) to Defendants' counsel Robert Ward in accord with the Consent Judgment.[22] Defendants' payments for August, September, and October 2018 were also late, with the August payment sent out on or about August 8, 2018 (eight days late), the September payment received on or about September 11, 2018 (ten days late), and the October payment received on or about November 2, 2018 (approx. thirty-two days late).[23]

q.      Defendants have not made the required payments for both November and December 2018. As both payments were required to be paid on the 1st of each month, Defendants are yet again in violation of the Consent Judgment.[24]

---

[21] Affidavit of Jeremy Nickels, ¶ 11.
[22] Affidavit of John E. Bellus, Jr., ¶ 8. Additionally, Paragraph 1 of the Consent Judgment provides the following: "Plaintiff is only required to provide an opportunity to cure a delinquent payment twice per calendar year."
[23] Affidavit of Jeremy Nickels, ¶ 11.
[24] Id.

r.     The Consent Judgment was entered on April 24, 2018. Defendants failed to provide payment per its terms in each of the eight months since their execution of the Consent Judgment and its subsequent adoption by this Court.

s.     Per the Consent Judgment, Defendants agreed to a judgment of $50,000 in favor of the Plaintiff. As of the date of filing, Defendants have only paid $6,250.02. Thus, Defendant owes Plaintiff the principal balance of $43,749.98, plus interest accruing from the date of the Consent Judgment and the attorney's fees associated with Defendants' violations.

## III.    ARGUMENT AND CITATION TO AUTHORITY

Based upon the above, Plaintiff has moved this Court to both reopen this action and to sanction Defendants for contempt. The 11th Circuit has found that "contempt may serve two purposes. It 'can be either coercive, which is intended to make the recalcitrant party comply, or compensatory, which 'reimburses the injured party for the losses and expenses incurred because of his adversary's noncompliance....'' " <u>Sizzler Family Steak Houses v. W. Sizzlin Steak House, Inc.</u>, 793 F.2d 1529, 1534 (11th Cir. 1986) (upholding district court's sanctions awarding moving party its attorneys' fees, a compensatory monetary award, and a schedule of prospective fines for any future violations).

In the present case, Defendants have willfully and intentionally violated the Consent Judgment entered by this Court on April 24, 2018. As set out above, only a few months after consenting and stipulating the Consent Judgment, Defendants: (a) marketed products under the enjoined trade names of "Walkers" and "Wakers," (b) began marketing and selling the product "Stride" containing the ingredient combination of Phenibut and GABA, the express and only combination prohibited by the Consent Judgment, and (c) failed to provide payments in accord with the agreed-upon payment schedule.   Thus, almost immediately after agreeing and stipulating to the Consent Judgment, in flagrant violation of the same, Defendants violated all material terms of the Consent Judgment.

Further, after Plaintiff discovered Defendants' violations, Defendants' counsel advised (a) the Stride product does not use Phenibut and GABA, and (b) the marketing of Stride was being done by a third party, Mark Ramsey of M&N (another client of Defendants' counsel).[25] However, such innuendo and false allegations are directly contravened by the following:

1. As of at least December 1, 2018, Defendants continued marketing of "Walkers" on the website mrcheckout.net,[26]

---

[25] Affidavit of John E. Bellus, Jr. ¶ 17.
[26] Affidavit of Jeremy Nickels, ¶ 6-7, and Exhibit "A" thereto.

2. Stride Packaging expressly sets forth "Manufactured for Supplement Center,"[27]

3. The Stride packaging expressly references the "stridenhancer.com" website,[28]

4. The stridenhancer.com website lists the ingredients of Stride to include the prohibited combination of Phenibut and GABA,[29]

5. Defendants, through their counsel, have filed an application with the USPTO to register "Stride" as a trademark,[30] and

6. Subsequently, Advanced Laboratories provided its chemical analysis of Stride which was directly in line with stridenhancer.com website's product ingredient list; i.e. the ingredients used in Stride contain the prohibited combination of Phenibut and GABA.[31]

As a direct and proximate result of Defendants' willful and flagrant violation of the Consent Judgment, Plaintiff requests that Defendants be found in contempt with sanctions being awarded to Plaintiff, including but not limited to the following:

---

[27] Affidavit of Jeremy Nickels, ¶ 15, and Exhibit "C" thereto.
[28] Affidavit of Jeremy Nickels, ¶¶ 14-15, and Exhibit "C" thereto.
[29] Affidavit of Jeremy Nickels ¶¶ 14 & 16, and Exhibit "D" thereto.
[30] Affidavit of John E. Bellus, Jr. ¶¶ 10-11, and Exhibit "D" thereto.
[31] Affidavit of Jeremy Nickels ¶¶ 14, 16-18, and Exhibits "D" and "E" thereto.

(a)      Remaining principal balance of the Consent Judgment in the amount of $43,749.98 immediately due, plus interest accruing since Court's Order of April 24, 2018,

(b)      Award of attorney's fees incurred related to Defendants' violation of the Consent Judgment,

(c)      Award an amount of damages that the Court deems appropriate to compel Defendants' compliance with the Consent Judgment, and/or permit Plaintiff to conduct discovery into Defendants' profits from the sales of Walkers, Wakers and Stride. In furtherance of such discovery, Plaintiff requests that Defendants be required to provide full and complete records of any and all production and sales of Walkers, Wakers, and Stride products within ten (10) days of the Court's finding, and

(d)      Any additional sanctions that this Court deems appropriate in light of Defendants' flagrant violation of this Court's Order stipulated by consent of the parties and counsel.

## REQUEST FOR ORAL ARGUMENT

Plaintiff hereby requests oral argument before the Court on this Motion to Reopen and for Contempt Sanctions against Defendants.

Respectfully submitted this 3rd day of December, 2018.

                              STONE & BELLUS, P.C.

                              */s/ John E. Bellus, Jr.*
                              JOHN E. BELLUS, JR.
                              Georgia Bar No. 049728
                              F. R. JOSH STONE
                              Georgia Bar No. 684075
                              MELISSA BUCKSHORN
                              Georgia Bar No. 315480

Stone & Bellus, P.C.
6849 Peachtree Dunwoody Rd.
Building B-3, Suite 100
Atlanta, GA 30328
PH: (770)390-9950
FAX (770)390-9940
Email: john@stonebellus.com
          josh@stonebellus.com
          melissa@stonebellus.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

                              */s/ John E. Bellus, Jr.*
                              John E. Bellus, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed this PLAINTIFF'S MOTION TO REOPEN CASE AND FOR CONTEMPT SANCTIONS AGAINST DEFENDANTS with the Clerk of Court using the CM/ECF system, which will send electronic notification to all participating attorneys of record:

Robert M. Ward
BMWipLAW, LLC
3455 Peachtree Road NE, Floor 5
Atlanta, GA 30326
rward@bimplaw.com

This 3rd day of December, 2018.

*/s/ John E. Bellus, Jr.*
John E. Bellus, Jr.